UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LENNY C. LANDRY #407837**                     **CIVIL ACTION**

**versus**                                                         **NO. 06-10895**

**RUSSELL BUTLER**                                    **SECTION: "A" (3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Lenny C. Landry, is a state prisoner incarcerated at the Concordia Parish Correctional Facility, Ferriday, Louisiana. On September 4, 2001, he pled guilty to possession with intent to distribute diazepam in violation of La.Rev.Stat.Ann. § 40:969.[2] On that same date, he also pled guilty to being a second offender and was sentenced as such to a term of fifteen years imprisonment with credit for time served.[3]

On or after May 22, 2002, petitioner filed with the state district court a motion for an out-of-time appeal.[4] That motion was denied on June 11, 2002.[5]

On or after June 4, 2002, petitioner filed with the state district court a "Motion for Production of Boykin Exam, Guilty Plea, and Sentencing Colloquy Verbatim Copy."[6] That motion was granted on June 21, 2002.[7]

On or after September 12, 2002, petitioner filed with the state district court an application for post-conviction relief claiming that he had been denied the right to appeal.[8] On

---

[2] State Rec., Vol. I of III, transcript of September 4, 2001; State Rec., Vol. I of III, minute entry dated September 4, 2001; State Rec., Vol. I of III, guilty plea form.

[3] State Rec., Vol. I of III, transcript of September 4, 2001; State Rec., Vol. I of III, minute entry dated September 4, 2001.

[4] State Rec., Vol. I of III. Petitioner signed the motion on May 22, 2002, and it was stamped as filed by the state court on May 28, 2002.

[5] State Rec., Vol. I of III, Order dated June 11, 2002.

[6] State Rec., Vol. I of III. Petitioner signed the motion on June 4, 2002, and it was stamped as filed by the state court on June 10, 2002.

[7] State Rec., Vol. II of III, Order dated June 21, 2002.

[8] State Rec., Vol. I of III. Petitioner signed the motion on September 12, 2002. It was apparently received for filing on September 30, 2002. See State Rec., Vol. I of III, Order filed on October 24,

October 24, 2002, that application was granted, and petitioner was granted an out-of-time appeal.[9] On April 29, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence.[10] He then filed with the Louisiana Supreme Court an application for a writ of certiorari[11] which was denied on December 19, 2003.[12]

On or after June 8, 2005, petitioner filed with the state district court a second post-conviction application.[13] That application was denied June 28, 2005.[14] He next filed with the Louisiana Fifth Circuit Court of Appeal a related writ application[15] which was denied on August 3, 2005.[16] He then filed with the Louisiana Supreme Court a related writ application[17] which was denied on August 18, 2006.[18]

---

2002.

[9] State Rec., Vol. I of III, Order filed on October 24, 2002.

[10] State v. Landry, 845 So.2d 1233 (La. App. 5th Cir. 2003) (No. 02-KA-1242); State Rec., Vol. I of III. The matter was remanded for the sole purpose of having the trial court inform petitioner of the prescriptive period for seeking state post-conviction relief.

[11] State Rec., Vol. III of III.

[12] State v. Landry, 861 So.2d 556 (La. 2003) (No. 2003-KO-1684); State Rec., Vol. I of III.

[13] State Rec., Vol. II of III. Petitioner signed the motion on June 8, 2005, and it was stamped as filed by the state court on June 17, 2005.

[14] State Rec., Vol. II of III, Order dated June 28, 2005.

[15] State Rec., Vol. II of III.

[16] State v. Landry, No. 05-KH-769 (La. App. 5th Cir. Aug. 3, 2005) (unpublished); State Rec., Vol. II of III.

[17] State Rec., Vol. III of III.

[18] State ex rel. Landry v. State, 935 So.2d 137 (La. 2006) (No. 2006-KH-0262); State Rec., Vol. III of III.

On or about September 11, 2006, petitioner filed this federal application for *habeas corpus* relief.[19]  In his application, petitioner asserts the following claims:

> 1. Plaintiff's plea agreement was breached when he was sentenced to a term of fifteen years imprisonment rather than to the five years he was allegedly promised as part of the agreement, and the state courts should have vacated his conviction on that basis as part of their "errors patent" review;
>
> 2. Petitioner was subjected to an illegal search and seizure; and
>
> 3. Petitioner received ineffective assistance of counsel.

The state argues that the instant application should be dismissed both because petitioner failed to exhaust his state court remedies and because it is untimely.[20]

### Exhaustion

The United States Supreme Court has held:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting the court to the federal nature of the claim.

---

[19] Rec. Doc. 1.

[20] Rec. Doc. 7.

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted).  Further, the United States Fifth Circuit Court of Appeals has noted:

> A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the "fairly presented" requirement.  The habeas applicant need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement.  This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application.

Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998).

Therefore, to determine whether petitioner has exhausted his state court remedies, this Court must compare the claims asserted in his federal application to the claims asserted in his two Louisiana Supreme Court writ applications.[21]

In his first Louisiana Supreme Court application, filed in case number 2003-KO-1684, petitioner asserted only a single claim that his plea was not knowingly and intelligently entered because he mistakenly pled guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), which allows a defendant to plead guilty without an express admission of guilt, when he believed he was pleading guilty pursuant to State v. Crosby, 338 So.2d 584 (La. 1976), which allows a defendant to reserve his right to appeal a pre-plea error.  That claim is not asserted in this federal application.  Accordingly, case number 2003-KO-1684 has no bearing on the exhaustion issue.

In his second and final Louisiana Supreme Court application, filed in case number 2006-KH-0262, petitioner asserted two ineffective assistance of counsel claims: (1) his counsel was

---

[21] The Clerk of the Louisiana Supreme Court has confirmed that petitioner filed only two writ applications in that court concerning this conviction and sentence.  Rec. Doc. 13, Exhibit 1.

ineffective in failing to raise a Fourth Amendment illegal search and seizure claim, and (2) his counsel was ineffective in failing to act in a professional manner, file motions, protect his client's due process rights, communicate with his client, and perform an adequate investigation. The former claim is asserted as a claim in this federal proceeding; accordingly, that claim is exhausted. The latter claim is not raised in this federal proceeding.

As the state has noted, in neither Louisiana Supreme Court application did petitioner assert a claim that his plea agreement was breached when he was sentenced to a term of fifteen years imprisonment rather than to the five years he was allegedly promised as part of the agreement, and the state courts should have vacated his conviction on that basis as part of their "errors patent" review. As the state also notes, in neither Louisiana Supreme Court application did petitioner assert a separate substantive claim that he was subjected to an illegal search and seizure. Accordingly, because petitioner has never presented those claims to the Louisiana Supreme Court, he has not exhausted his state court remedies with respect to those claims.

Because petitioner's federal application contains both exhausted and unexhausted claims, it is a mixed petition which is subject to dismissal *without* prejudice. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998).

Nevertheless, as the state alternatively notes in its response, petitioner's federal application is also clearly untimely. Accordingly, for the following reasons, the undersigned recommends that it be dismissed *with* prejudice on that basis.

Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

conviction becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[22]

As noted, petitioner pled guilty and was sentenced on September 4, 2001. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), his conviction became final on September 11, 2001, upon the expiration of his period for seeking direct review under state law.[23] Accordingly, the period that petitioner had to file his application for federal *habeas corpus* relief commenced on that date and expired one year, i.e. on September 11, 2002, later unless that deadline was extended through tolling.

The AEDPA provides that the statute of limitations is tolled for the period of time during which a "properly filed" application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). A "properly filed" application is one submitted according to the state's procedural requirements. Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999). However, petitioner had no "properly filed" applications for state post-conviction relief or other collateral review pending at any time from September 11, 2001, through September 11, 2002.

---

[22] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

[23] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). At the time of petitioner's conviction in 2001, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 2001, September 8 was a Saturday and September 9 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his conviction became final.

The Court notes that, during that period, petitioner did file with the state district court a motion for an out-of-time appeal on May 28, 2002.[24] However, the court denied that motion as improper, holding: "Defendant has filed a request for an out-of-time appeal in the form of a motion. Such a request must be in the form of an Application for Post Conviction Relief pursuant to State v. Counterman, 475 So.2d 336 (La. 1985)."[25] Because petitioner used an improper procedural vehicle to seek relief, that filing cannot be considered "properly filed" so as to entitle him to tolling credit. See Austin v. Carroll, No. 04-3811, 2007 WL 594966 (3rd Cir. Feb. 27, 2007) (unpublished) (a state post-conviction filing submitted on the wrong form is not "properly filed" and does not entitle a petitioner to statutory tolling).[26]

The Court also notes that petitioner filed with the state district court a motion for production of transcripts and documents on June 10, 2002,[27] which was granted on June 21, 2002.[28] However, motions seeking production of transcripts or other documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22

---

[24] State Rec., Vol. I of III.

[25] State Rec., Vol. I of III, Order dated June 11, 2002.

[26] Nevertheless, the Court notes that even if petitioner were given tolling credit for that motion, his federal application would still be untimely.

[27] State Rec., Vol. I of III.

[28] State Rec., Vol. II of III, Order dated June 21, 2002.

(E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).[29]

The Court notes that petitioner filed his first state post-conviction application on or after September 12, 2002.[30] However, because the federal statute of limitations had already expired on September 11, 2002, that application was filed *after* the expiration of the AEDPA's one-year statute of limitations and, therefore, has no bearing on the timeliness of petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

Out of an abundance of caution, the Court notes that, contrary to the state's implicit assumption in its response, the statute of limitations was *not* "restarted" as a result of the out-of-time appeal granted in connection with his first state post-conviction application.  As noted, petitioner's conviction and sentence had already become final, at which time the AEDPA's statute of limitations had properly commenced.  Once commenced, the limitations period could only be tolled, not restarted.  The United States Fifth Circuit Court of Appeals has held:

---

[29] Again, the Court notes that even if petitioner were given tolling credit for that motion, his federal application would still be untimely.

[30] In the order denying the application, the state district court found that the application was filed on September 30, 2002.  However, even if the state mailbox rule is applied, see Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006) (federal courts must apply the "mailbox rule" to Louisiana state court filings), it is clear that the application was not filed before September 12, 2002, the date petitioner signed the application.

> On its face, AEDPA provides for only a *linear* limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. See § 2244(d)(1), (2). *So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. See* § 2244(d)(2).

Salinas v. Dretke, 354 F.3d 425, 429-30 (5th Cir. 2004) (emphasis added); see also Juarbe v. Cain, Civ. Action No. 06-0513, 2006 WL 2849859, at *3-5 (E.D. La. Sept. 29, 2006); Coleman v. Cain, Civ. Action No. 05-799, 2006 WL 2589215, at *5-6 (E.D. La. Sept. 5, 2006). In the instant case, there is no question that petitioner is still being held pursuant to the original state court judgment, in that neither his conviction nor sentence was altered in any way as a result of the out-of-time appeal proceedings. Accordingly, those proceedings had no affect on the statute of limitations' commencement date. Moreover, as noted, petitioner is not even entitled to tolling credit for the proceedings because the statute of limitations expired prior to the filing of the post-conviction application requesting the out-of-time appeal.

That said, the Court further notes that petitioner's federal application would be untimely even if the out-of-time appeal were deemed to have restarted the statute of limitations. Even under that scenario, the restarted statute of limitations would have commenced no later than ninety days after the Louisiana Supreme Court's judgment of December 19, 2003, when petitioner's period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see

- 10 -

also U.S. Sup. Ct. R. 13(1). In that situation, the federal statute of limitations would have commenced on March 18, 2004, and expired one year later on March 18, 2005. Because it is undisputed that petitioner had no state applications pending at any time during that period so as to entitle him to statutory tolling under 28 U.S.C. § 2244(d)(2), his statute of limitations would have expired no later than March 18, 2005, long before this federal application was filed.

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

For the foregoing reasons, it is clear that petitioner's federal application, which was filed on or about September 11, 2006,[31] is untimely.[32]

---

[31] A federal *habeas corpus* petitioner is considered filed when the inmate presents it to prison officials for mailing. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). In the instant case, petitioner did not date his application; however, it was mailed in an envelope bearing a postage meter stamp of September 11, 2006. Moreover, in the supporting memorandum filed with the application, petitioner refers to the Louisiana Supreme Court's ruling of August 18, 2006. Accordingly, it is impossible for that application to have been given to prison officials before the expiration of the statute of limitations.

[32] Again, however, the Court notes that even if petitioner's federal application were found to be timely filed, it is still subject to dismissal based on his failure to exhaust his state court remedies.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Lenny C. Landry be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of April, 2007.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**